## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| BUTAN VALLEY, N.V., | § | Bankruptcy Case No. 07-36856 |
|     Debtor | § | Adversary Proceeding 09-3291 |

-----------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| OSAMA ALKASABI, | § | |
|     Appellant, | § | **CIVIL ACTION NO. H-09-3003** |
| | § | |

## <u>MEMORANDUM AND ORDER</u>

Appellant Osama Alkasabi filed a Notice of Appeal from the United States Bankruptcy Judge Wesley Steen's Memorandum and Order and Final Judgment dismissing Adversary Proceeding No. 09-3291.  Alkasabi filed his Opening Brief [Doc. # 10], Appellee Rampart Acquisition Corporation, LLC ("Rampart") filed its Appellee's Brief [Doc. # 11], and Alkasabi filed his Reply Brief [Doc. # 12].  This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a)(1).  Having reviewed the record and the governing legal authorities, the Court **affirms** the Bankruptcy Court's decision.

## I.    <u>BACKGROUND</u>

Debtor Butan Valley, N.V., filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on October 1, 2007.  On April 13, 2009, the

Bankruptcy Court issued an order [BR Doc. # 244] authorizing the sale of certain real property owned by Debtor.[1]  Alkasabi filed a Notice of Appeal, but did not obtain a stay of the Order.  The Chapter 7 Trustee sold the property to the highest bidder, Rampart, for a credit bid of 5,500,000 Euros and cash of $310,000.00.  The closing/funding of the sale was completed on June 15, 2009.  The Bankruptcy Court found that Rampart was a good faith purchaser, and this Court agreed with the Bankruptcy Court's finding.  *See* Memorandum and Order entered August 4, 2009, in Civil Action No. 09-1166.

On July 28, 2009, Alkasabi filed this adversary proceeding, arguing that the sale of the properties should be set aside pursuant to 11 U.S.C. § 363(n) because there was "fraud and conspiracy by bidders" and because  Rampart, the Trustee, and others engaged in collusive bid-rigging.[2]  The Trustee filed a Motion to Dismiss [Adv. Doc. # 6] on July 31, 2009, and Rampart joined in the Motion on August 27, 2009.  *See* Adv. Doc. # 14.  Alkasabi filed a response entitled "Reply, Objection and Opposition"

---

[1]     The property consists of a 75% interest in approximately 25 acres of undeveloped land along Highway 6 in Harris County, Texas, and a 100% interest in approximately 180 acres of undeveloped land on FM 1464 in Fort Bend County, Texas.

[2]     In his Response [Adv. Doc. # 16], Alkasabi discusses "Anti-Trust Law, Sherman Act, Breach of Fiduciary Duties, and Price Fixing" but his Complaint in this Adversary Proceeding seeks only to set aside the sale of the properties pursuant to § 363(n) for "fraud and conspiracy" and for collusive bid-rigging.  As a result, Alkasabi's only claims in the Adversary Proceeding are based on § 363(n).

[Adv. Doc. # 16] on September 1, 2009, in which he objected to Rampart's joinder in the Trustee's Motion to Dismiss. *See* Reply, p. 5.

The Bankruptcy Court granted the Motion to Dismiss in the Memorandum Opinion [Adv. Doc. # 19] entered September 3, 2009, and the Final Judgment Dismissing Complaint [Adv. Doc. # 20]. Alkasabi filed a Notice of Appeal, the appeal has been fully briefed, and it is now ripe for decision.

## II.  <u>STANDARD OF REVIEW</u>

The Court reviews a bankruptcy judge's conclusions of law *de novo* and findings of fact under the "clearly erroneous" standard. *Barron v. Countryman*, 432 F.3d 590, 594 (5th Cir. 2005). Mixed questions of law and fact are reviewed *de novo*. *In re Quinlivan*, 434 F.3d. 314, 318 (5th Cir. 2006); *In re Stonebridge Technologies, Inc.*, 430 F.3d 260, 265 (5th Cir. 2005).

This Court "may affirm if there are grounds in the record to support the judgment, even if those grounds were not relied upon by the courts below." *In re Cueva*, 371 F.3d 232, 236 (5th Cir. 2004) (quoting *Matter of Besing*, 981 F.2d 1488, 1494 (5th Cir.), *cert. denied*, 510 U.S. 821 (1993)). Additionally, an appellant's failure to explain fully a "laundry list of grievances" and failure to provide proper citations to the record and to relevant legal authorities results in a waiver of those

issues for which the briefing is inadequate.  *See United States v. Stalnaker*, 571 F.3d 428, 439-40 (5th Cir. 2009).

## III.   <u>ANALYSIS</u>

Alkasabi lists seven issues on appeal.  He argues that the bankruptcy court lacked jurisdiction to decide the adversary proceeding and should have recommended withdrawal of the reference to district court (Issue One) and that the bankruptcy court committed a reversible error when it granted the Trustee's Motion to Dismiss without converting it to a motion for summary judgment and allowing reasonable discovery (Issue Two).  In the next three issues, Alkasabi argues that the bankruptcy court erred in granting the Motion to Dismiss because the complaint states a claim for relief (Issue Three), because the bankruptcy court's sale order does not bar plaintiff from pursuing the Adversary Proceeding (Issue Four), and because there was an actual conflict of interest among the Trustee, his law firm, the real estate broker, and the broker's law partner (Issue Five).  In Issue Six, Alkasabi argues that he has standing to pursue the claims raised in the Adversary Proceeding, and in Issue Seven, he objects to Rampart's joinder in the Trustee's Motion to Dismiss.

Although none of the issues appear to have merit, the Court finds that the standing issue raised in Issue Six is dispositive.  The only two claims asserted in the Adversary Proceeding Complaint are based on § 363(n).  That statute provides clearly

4

that it is the "trustee" who may avoid a sale "if the sale price was controlled by an agreement among potential bidders at such sale. *See* 11 U.S.C. § 363(n).  Alkasabi is not the "trustee" and, as a result, he lacks standing to file and pursue a claim under § 363(n). *See, e.g., Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1 (2000) (interpreting similar language in different Bankruptcy Code provision as conferring standing on the Trustee only).  Because Alkasabi lacks standing to pursue the § 363(n) claims, the Adversary Proceeding was properly dismissed.

## IV.   CONCLUSION AND ORDER

The Bankruptcy Court properly dismissed this Adversary Proceeding.  It is, therefore,

**ORDERED** that the Bankruptcy Court's September 3, 2009, Memorandum Opinion [Adversary Doc. # 19] and Final Judgment [Doc. # 20] are **AFFIRMED**.

The Court will issue a separate Final Order.

SIGNED at Houston, Texas, this **23rd** day of **December, 2009**.

Nancy F. Atlas
United States District Judge